UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Charles R. Gardner, Jr.,                                  Case No. 06-56610
                                                          Chapter 13
                        Debtor.                           Hon. Phillip J. Shefferly
_____/

**ORDER OVERRULING CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION BASED ON SECTION 1328(f)**

      The Debtor filed this Chapter 13 case on November 13, 2006. The confirmation hearing was scheduled for January 30, 2007. At the confirmation hearing, the Chapter 13 Trustee asserted that the Debtor is ineligible to receive a Chapter 13 discharge in this case under § 1328(f) because the Debtor has previously received a discharge in a prior Chapter 13 case on February 23, 2006. The Debtor responded by asserting that although he obtained a discharge on February 23, 2006 in a prior Chapter 13 case, that prior Chapter 13 case was filed on May 21, 2003, more than two years before this case was filed. According to the Debtor, even though his discharge was received within two years before the filing of this case, such discharge was not received in a case that was filed within the two years preceding the filing of this case. The Debtor argued that he is eligible for a discharge under § 1328(f).

      The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added § 1328(f) to the Bankruptcy Code. It provides as follows:

> [T]he court shall not grant a discharge of all debts provided for in the plan . . . if the debtor has received a discharge –
>     (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>     (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

      Section 1328(f) provides for a "look back" period based upon two relevant dates where the Chapter 13 debtor has received a discharge in a prior Chapter 13 case. The first relevant date pertains to the first case and is the date that the case in which the discharge was received was *filed* under § 1328(f)(2). The second relevant date pertains to the second case and is the date of the order for relief in such case under § 1328(f)(2). Pursuant to § 301(b), the order for relief is the date of commencement of a voluntary case under Chapter 13. Therefore, the look back period to determine the Debtor's eligibility for a discharge under § 1328(f), looks back from the date that the present Chapter 13 case was *filed* (i.e., November 13, 2006), to the date that the prior case, in which the discharge was received, was *filed* (i.e. May 21, 2003). The date of the discharge in the prior case is

irrelevant for purposes of § 1328(f).

In other words, "the lookback period runs from the filing date of the prior case to the filing date of the current case." In re Knighton, ___ B.R. ___, 2006 WL 3734391, at *4 (Bankr. M.D. Ga. Dec. 19, 2006); see also In re West, 352 B.R. 428, 487 (Bankr. E.D. Ark. 2006) (same); McDow v. Sours (In re Sours), 350 B.R. 261, 269 (Bankr. E.D. Va. 2006) (same); McDow v. Ratzlaff (In re Ratzlaff), 349 B.R. 443, 444 (Bankr. D.S.C. 2006) (same); In re McGhee, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) (same). Accordingly, because the Debtor received his discharge in a case that was filed more than two years preceding the date that he filed this case,

IT IS HEREBY ORDERED that the Chapter 13 Trustee's objection to confirmation based on Debtor's ineligibility to receive a discharge in this case is OVERRULED.

Not for publication.

**Signed on February 07, 2007**

                                                         **/s/ Phillip J. Shefferly**
                                                         **Phillip J. Shefferly**
                                                         **United States Bankruptcy Judge**